UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVAL SMITH,<br><br>            Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>            Defendant. | Case No. CV 07-4991 PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I.
## INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). For the reasons discussed below, the Agency's decision is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

## II.
## STATEMENT OF FACTS

Plaintiff was born in 1967 and was 39 years old at the time of the administrative hearing. (Administrative Record ("AR") 54, 200.)

He has worked numerous jobs since graduating from high school in 1987, including janitor, umpire, security guard, carpenter, and handyman. (AR 88, 200.)

In August 2005, Plaintiff was involuntarily committed to a psychiatric hospital after exhibiting psychotic behavior. (AR 122-32.) Plaintiff was held at the hospital for three days, until he was stabilized with medication and therapy, and then released. (AR 123, 124.) Thereafter, he filed an application for SSI, alleging he had been disabled due to a mental impairment since July 2005. (AR 53-59.)

In May 2006, Plaintiff was, again, involuntarily committed after experiencing another psychotic episode. (AR 168.) Plaintiff spent ten days in the hospital that time and was released after he was stabilized with medication and therapy. (AR 180.)

Plaintiff's application for SSI was denied by the Agency. He then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). (AR 192-207.) Following the hearing, the ALJ issued a decision denying the application. (AR 12-21.) The ALJ found that Plaintiff suffered from a psychotic disorder, not otherwise specified ("NOS"). (AR 17.) He determined that this condition resulted in Plaintiff having mild restrictions in activities of daily living, and moderate difficulties in maintaining social functioning, concentration, persistence, and pace. (AR 19.) The ALJ discounted Plaintiff's testimony that he was unable to maintain a job and concluded that Plaintiff could perform his former work as a janitor. (AR 20-21.)

Plaintiff appealed to the Appeals Council, which denied his request for review on June 18, 2007. (AR 4-7.) Plaintiff then commenced this action.

III

ANALYSIS

Plaintiff claims that the ALJ erred when he failed to: 1) properly consider his testimony; 2) fully and fairly specify the duties of Plaintiff's past relevant work as a janitor; and 3) consider medical evidence which established that Plaintiff could not work. (Joint Stip. at 3-7, 16-17, 19-23.) As set forth below, the Court concludes that the ALJ erred in all three areas and, therefore, remand is warranted.

A.  Standard Of Review

"Disability" under the regulations is defined as an inability to perform any substantial gainful activity due to any "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). The Court may overturn the ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or if the decision is based on legal error. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "Substantial evidence" is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). It is "more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). This Court must uphold the ALJ's conclusion even if the evidence in the record "is susceptible to more than one rational interpretation." *Burch,* 400 F.3d at 679.

B.  <u>The ALJ's Credibility Determination</u>

The ALJ found that Plaintiff's claim that his mental impairment precluded him from working was not credible. Plaintiff takes exception to this finding and argues that the record does not support it. (Joint Stip. at 4-7.) For the following reasons, the Court finds that the ALJ erred in his credibility analysis and remands the case for further consideration of the issue.

The ALJ found that Plaintiff produced objective medical evidence of an impairment which could reasonably be expected to produce some limitation. (AR 20.) The ALJ did not find that Plaintiff was a malingerer. Thus, the ALJ could reject Plaintiff's testimony only for specific, clear, and convincing reasons. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281, 1283-84 (9th Cir. 1996)). In evaluating Plaintiff's credibility, the ALJ was free to consider many factors, including "ordinary techniques of credibility evaluation[,]. . . unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, . . . and the claimant's daily activities." *Tommasetti*, 533 F.3d at 1039 (quoting *Smolen*, 80 F.3d at 1284).

The ALJ rejected Plaintiff's claim that his mental impairment precluded him from working for five reasons:

1.  There was a lack of objective medical evidence supporting this claim;
2.  Plaintiff's behavior;
3.  There was a very limited mental health treatment history;
4.  The medical records indicated that Plaintiff was able to function adequately when he took his medications; and

     5.   Plaintiff was lucid, logical, and appropriate at the administrative hearing.

(AR 20.)

As to the first reason--the lack of objective medical evidence--the Court notes that there was medical evidence that Plaintiff suffered from a psychotic disorder, which caused him to have psychotic breaks. (AR 121-88.) On two occasions Plaintiff was involuntarily committed to a psychiatric hospital for treatment. (AR 122, 167.) Thus, the Court disagrees with the ALJ's generalization that the objective medical evidence does not support Plaintiff's claim. A fair reading of the record establishes that some of the evidence supports his claim and some does not. The Court is unable to determine what evidence the ALJ was relying on when he found that it did not support Plaintiff's claim. For that reason, the Court cannot conclude that this was a valid justification for rejecting Plaintiff's credibility. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (noting ALJ's justification for discounting claimant's testimony, i.e., that it was not consistent with or supported by the overall medical evidence of record, was "exactly the type we have previously recognized the regulations prohibit") (citations omitted).

The second reason cited by the ALJ in support of his finding that Plaintiff was not credible was Plaintiff's "behavior." (AR 20.) The ALJ did not explain what behavior he was referring to, i.e. whether it was Plaintiff's failure to comply with his doctor's orders and take his medication; whether it was Plaintiff's conduct at the hearing, which the ALJ noted was appropriate; or some other behavior. Without more, the Court cannot conclude that this was a proper justification for discounting Plaintiff's credibility.

The next reason the ALJ provided was that there was a very limited mental health treatment history. (AR 20.) The ALJ explained that the medical records showed that Plaintiff was involuntarily committed on one occasion. (AR 20.) This finding is not accurate. In fact, Plaintiff was involuntarily committed twice, in August 2005 and in May 2006, (AR 120-32, 167-68), which the ALJ noted in a different section in his decision. (AR 17, 19.) It is unclear why, when addressing Plaintiff's credibility, the ALJ made a different finding as to how many times Plaintiff had been involuntarily committed. Regardless, this reason is not supported by substantial evidence and, therefore, is rejected.

The fourth reason relied on by the ALJ for discounting Plaintiff's credibility was that Plaintiff's medications controlled his behavior and allowed him to function normally. (AR 20.) This is a valid reason for discounting a claimant's testimony. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc); *see also* Social Security Ruling ("SSR") 88-13. Further, the evidence supports this finding. (AR 122-32, 167-68.) In fact, Plaintiff himself admitted that the medication controlled his behavior. (AR 201, 202, 204.)

The final reason provided by the ALJ for finding Plaintiff not credible was that he was "lucid, logical, and appropriate" at the hearing. (AR 20.) This, too, is a valid reason for questioning a claimant's testimony, *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999), and it, too, was supported by the record. Plaintiff had no apparent problem responding to the ALJ's questions and acting appropriately at the hearing. (AR 198-205.)

In addition to the five factors the ALJ did address, the Court notes that the ALJ failed to address Plaintiff's father's submission.

Plaintiff lived with his father.  In October 2005, Plaintiff's father completed a form in which he set forth his observations of Plaintiff's behavior and his ability to function.  (AR 80-87.)  Among other things, Plaintiff's father noted that Plaintiff sees himself as a "big man," who was responsible for sending the storm (presumably Hurricane Katrina) to New Orleans.  (AR 84.)  Plaintiff's father also observed that Plaintiff hears voices and sometimes thinks pigeons are talking to him.  (AR 85, 87.)  The ALJ did not discuss this testimony and that was a mistake; he should have considered the father's input in assessing Plaintiff's credibility.  *See Stout*, 454 F.3d at 1056.  The ALJ was not at liberty to consider only the evidence that supported his credibility finding.  *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (explaining ALJ cannot ignore competent evidence in record that contradicts his conclusion); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) ("[A] reviewing court must consider both evidence that supports, and evidence that detracts from" ALJ's conclusion).[1]

    Having addressed each of the ALJ's reasons for rejecting Plaintiff's credibility, and a sixth consideration that the ALJ did not discuss, the Court finds that there are two reasons supporting the rejection of Plaintiff's credibility and four that either do not

---

[1] In an apparent separate ground, Plaintiff complains that the ALJ failed to discuss the questionnaire filled out and submitted by his father. (Joint Stip. at 4.)  The ALJ was required to consider the father's input. *Stout*, 454 F.3d at 1053 ("[A]n ALJ must consider lay witness testimony concerning a claimant's ability to work").  His failure to do so was not harmless because, had he credited the father's testimony, he likely would have reached a different conclusion.  *Id*. at 1056.  On remand, the ALJ should address the father's questionnaire.

support the rejection or are neutral. It is difficult to determine at this time whether, had the ALJ considered all these factors, he would have concluded that Plaintiff's testimony should be credited. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2007) (explaining court should look at whether ALJ's decision remains valid, despite erroneous reliance on invalid factors). The Court concludes that the prudent course is to remand the case to the ALJ and let him determine in the first instance whether Plaintiff's testimony should be credited.

C.   <u>The ALJ's Finding That Plaintiff Could Perform His Past Work</u>

Plaintiff contends that the ALJ erred when he determined that Plaintiff could perform his past work as a janitor. In Plaintiff's view, the ALJ failed to match the specific duties required of that job with Plaintiff's abilities. (Joint Stip. at 16-17.) The Agency disagrees. It argues that the vocational expert's testimony addressed all of Plaintiff's limitations and matched them with the functional demands of the job of janitor. (Joint Stip. at 17.) The Agency's argument is not supported by the record.

The ALJ found that Plaintiff had moderate difficulties in maintaining concentration, persistence, and pace. (AR 19.) When the ALJ included this limitation in a hypothetical question to the vocational expert, the vocational expert concluded that Plaintiff could not work as a janitor. (AR 206.) The ALJ ultimately determined, however, that Plaintiff could work, relying on the answer the vocational expert gave to a different hypothetical that left out this limitation. This was a mistake. The ALJ was required to base his finding on all of Plaintiff's limitations. His failure to do so mandates remand on this issue.

D.  **The ALJ's Finding That Plaintiff Could Work**

In his third and final claim, Plaintiff argues that the ALJ failed to properly assess whether Plaintiff could sustain employment. (Joint Stip. at 19-23.) The Agency disagrees. It argues that the ALJ's finding that Plaintiff could sustain employment was supported by the medical evidence, particularly the state agency physician who found that Plaintiff had "no significant limitation in the ability to maintain concentration, persistence, and pace . . .." (Joint Stip. at 23.) The problem with the Agency's argument here is that, though the state agency physician may have reached this conclusion, the ALJ reached a different conclusion. He found that Plaintiff would have "moderate difficulties in maintaining concentration, persistence, and pace . . .." (AR 19.) As such, the Agency's argument is misplaced. On remand, the ALJ must reconcile his finding that Plaintiff would have moderate difficulties in concentration, persistence, and pace with his finding that Plaintiff would still be able to hold down a job as a janitor.

IV

CONCLUSION

For the reasons set forth above, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED:    November  14  , 2008.

*Patrick J. Walsh*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\SMITH, L 4991\Memo_Opinion.wpd

9